# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:19-cr-228 |
| Lionel Fraction, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Lionel Fraction, Jr. moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. Doc. 49. The United States opposes the motion. Doc. 52. For the reasons below, the motion is denied.

In 2020, Fraction pleaded guilty to a firearm charge. Docs. 31, 32. The presentence investigation report calculated his sentencing guideline range as 110 to 137 months, based on a total offense level of 25 and a criminal history category VI. Doc. 39. But Fraction faced a statutory maximum sentence of 120 months, so his sentencing guideline range was 110 to 120 months. He had 13 criminal history points, plus 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 15 criminal history points. Id. Fraction was sentenced to 104 months in prison. Doc. 45.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." <u>Dillon v. United States</u>, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." <u>Id.</u> at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." <u>Id.</u> In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). <u>Dillon</u>, 560 U.S. at 826.

Fraction generally seeks a sentence reduction under Part A of Amendment 821. But Part A of Amendment 821 provides no relief because it does not lower his sentencing range. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Fraction, he would receive 1 status point instead of 2, reducing his total criminal history points from 15 to 14. But even with 14 criminal history points, Fraction remains squarely within criminal history category VI. So, his sentencing range is unaffected by the status point reduction. Because his sentencing range was not "subsequently . . . lowered by the Sentencing Commission," Amendment 821 does not authorize a sentence reduction. After extensive review, Fraction's motion to reduce sentence (Doc. 49) is **DENIED**.

    **IT IS SO ORDERED**.

    Dated this 18th day of July, 2024.

                                                */s/ Peter D. Welte*
                                               Peter D. Welte, Chief Judge
                                               United States District Court